UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELAINE and PAUL GOMEZ                     CIVIL ACTION

VERSUS                                    NO. 06-8274

ALLSTATE INSURANCE COMPANY                SECTION "C"
and EDDIE CORCORAN

### ORDER

Before the Court is a Motion to Remand filed by the plaintiffs, Elaine Gomez, wife of/and Paul Gomez ("Plaintiffs") (Rec. Doc. 5), in which they claim that insurance agent, Eddie Corcoran ("Corcoran"), was not fraudulently joined. Defendant, Allstate Insurance Company ("Allstate") filed an opposition to the motion (Rec. Doc. 18). The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that remand is inappropriate at this time.

### Improper Joinder

The primary issue in this dispute is whether or not the plaintiffs' insurance agent, Eddie Corcoran, was improperly joined to defeat diversity jurisdiction. To show improper joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)).  Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law.  *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)).  The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants.  *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545).  To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal.  *Englande,* 206 F. Supp. 2d at 816 (citing *Cavallini v. State Farm Mut. Augo Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)).  Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand.  *Englande*, 206 F. Supp. 2d at 817. (citing *Cavallini*, 44 F.3d at 264).  Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one.  *Smallwood*, 352 F.3d at 222.

Under Louisiana law, an insurance agent has a duty to use reasonable diligence in placing

the insurance requested, to advise regarding recommended coverage and gaps in coverage, and to promptly notify the client if it fails to obtain the requested insurance. *Whitehead v. State Farm Ins. Co.*, 2006 WL 3747520, *2 (E.D. La. December 15, 2006) (J. Berrigan) (*citing Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728 (La. 1973). However, no case imposes a duty on an agent to "identify a client's needs and advise him whether he is under-insured or carries the correct type of coverage." *Id*. *See also Bilbe v. Belsom*, 2006 WL 3388482 (E.D. La.) (J. Barbier); *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 (E.D. La.) (J. Vance).

In their petition, Plaintiffs allege that Corcoran had a duty to identify their insurance needs. However, Plaintiffs do not allege that they requested a specific type or amount of coverage that Corcoran failed to provide. As stated above, there is no such duty under Louisiana law. Thus, Plaintiffs did not state a claim against Corcoran.

## **Peremption**

Furthermore, any claims that the Plaintiff may have had against Corcoran are perempted by Louisiana Revised Statute § 9:5606.[1] In general, renewals of insurance policies do not operate to restart peremption. *Southern Athletic Club, LLC v. Hanover Insurance Company, et. al.,* 2006 WL 2583406 *3 (E.D.La. 2006) (citing *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 *8 (E.D.La. 2006)). However, renewals can be the basis of separate torts, if the complained of

---

[1] Louisiana Revised Statute § 9:5606 provides in relevant part:
    A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

conduct constitutes separate and distinct acts, which give rise to immediately apparent damages. *Biggers v. Allstate Ins. Co.,* 886 So.2d 1179, 1182, 04-282 (La. App. 5 Cir. 10/26/04). The inquiry is whether the actions of the insurance agents at the time of renewal can be construed to constitute an act separate from the initial policy procurement. However, in this case, there are no allegations that the Plaintiff ever dealt again with the agent regarding coverage when the policy was renewed. In fact, Allstate submitted an affidavit of Corcoran, where he states he was the agent on Plaintiffs' account since July of 2000 (Rec. Doc. 18-2).[2] And since that time, the only contact Corcoran had with Plaintiffs regarding the Standard Flood Insurance Policy was to have Allstate change the named Mortgage Company on the policy to Chase Manhattan from the prior mortgage company. Corcoran asserts he was never asked to increase coverage for the building or contents under the Standard Flood Policy prior to August 29, 2005. Thus, there is no evidence of renewed reliance after the original placement of the insurance, making this case distinguishable from those in which this Court found that the plaintiffs may have relied on the insurance agent's statements at the time of the policy renewals or due to periodic changes in the policy. *See Fidelity Homestead Ass'n v. Hanover Ins. Co.,* 2006 WL 2873562 (E.D.La.) (J. Berrigan); *Three X, L.L.C. v. Lexington Ins. Co.,* 2006 WL 3142276 (E.D.La.) (J. Berrigan); *Giardina, et. Al. V. Allstate Ins. Co., et. al.* 06-6451 (E.D.La. 11/22/2006) (J. Berrigan). Therefore, any claims against Corcoran are perempted by Louisiana Revised Statute § 9:5606.

Based on the record and the law, the Court finds that the defendants have established that all of the properly joined parties were diverse on the date of removal. Accordingly,

---

[2]Corcoran's affidavit also states that the business records reflect that the original agent issued Plaintiffs homeowner insurance on February 15, 1987 and a Standard Flood Insurance Policy in 1998.

IT IS ORDERED that Plaintiffs' Motion to Remand is **DENIED.**  (Rec. Doc. 5).


New Orleans, Louisiana, this 17th  day of April, 2007.

                                                                   _____
                                                                   HELEN G. BERRIGAN
                                                                   UNITED STATES DISTRICT JUDGE